*364 Opinion by
Mr. Chief Justice, Moore.
Plaintiff in error, hereinafter referred to as Garcia, entered a plea of guilty to a count in the information filed against him, which accused him of entering into a conspiracy to commit the crime of robbery. He was represented by counsel at the time this plea of guilty was entered. The trial court fully informed him of his right to a jury trial, to be represented by counsel, and the penalty that might be imposed upon him. He persisted in his plea of guilty and on May 17, 1965, a sentence of not less than seven nor more than ten years in the state penitentiary was imposed upon him.
About one year thereafter Garcia filed a “Petition for Vacation of Sentence Pursuant to Rule 35(b).” He alleged in that petition that his plea of guilty was induced by various representations made by his court appointed attorney to the effect that he would get a light sentence; that it would run concurrently with a previously imposed sentence in another case; and that “the court would grant petitioner probation.” He also alleged that the court failed in certain particulars to make certain that the guilty plea was voluntarily entered, and that it was entered by him, “ * * * absolutely free of coercion, duress, free from the influences of promises by court officers or law enforcement officials and, was otherwise being tendered voluntarily and with understanding.”
An evidentiary hearing was held on the allegations of the petition and at the luncheon thereof the trial court ruled as follows:
“The Court having heard the testimony in this matter, finds that Mr. Sidney Tellis was appointed by the Court to represent the defendant Ernest Joe Garcia, along with the other two co-defendants, on November 25, 1964. That from the time Mr. Tellis was appointed until the time that the case was concluded by the defendants entering pleas and subsequently being sentenced, that Mr. Tellis *365 properly represented Mr. Ernest Joe Garcia. At the time Mr. Ernest Joe Garcia entered a plea of guilty to the second count of the information, conspiracy to commit the crime of robbery, that he fully knew what he was doing, the possible sentence, and his rights. That at no time was the defendant misled or misinformed concerning his rights and the effect of the plea of guilty to the second count of the information. That his constitutional rights were protected at all times. That the said defendant should not be heard to complain merely because he received a sentence which he felt was not justified, although the sentence was proper under the statute, and in light of his record, was fully justified. At no time was any coercion, or duress, or undue influence used or made upon Mr. Garcia.”
We have read the record and find an abundance of evidence supporting the above quoted findings.
The judgment of the trial court is affirmed.
Mr. Justice Hodges and Mr. Justice Kelley concur.